1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  REFUGIO RUEDA, et al.,              )  Case No. CV 10-4011-OP
                                        )
12                  Plaintiffs,         )
                                        )
13          v.                          )  MEMORANDUM OPINION AND
                                        )  ORDER  GRANTING DEFENDANT'S
14  EVELYN COFRANCESCO, as              )  MOTION FOR SUMMARY
    an individual and dba IDLE          )  JUDGMENT
15  WHEELS MOBILE HOME                  )
    PARK,                               )
16                                      )
                    Defendant.          )
17  ────────────────────────────────
18                              **I.**
19                      **PROCEEDINGS**
20          On June 2, 2010, Refugio Rueda, Amalia Vargas, as an individual and as

21  Guardian Ad Litem for minors D.R. and S.R., and Miguel Garcia  ("Plaintiffs")

22  filed a Complaint against Evelyn Cofrancesco, as an individual and doing

23  business as ("dba") Idle Wheels Mobile Home Park ("Defendant") alleging

24  violations of the Federal Fair Housing Amendments Act of 1988 ("FHA"), the

25  California Fair Employment and Housing Act ("FEHA"), the California Unruh

26  Civil Rights Act, and negligence.  (ECF No. 2.)  On October 4, 2010, Defendant

27  filed an Answer to the Complaint.  (ECF No. 5.)  On December 14, 2010,

28  Defendant filed an Amended Answer to the Complaint.  (ECF No. 12.)  The

1  parties have consented to proceed before the Magistrate Judge pursuant to 28
2  U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and General Order No. 12-01.  (ECF No.
3  73.)

4          On June 7, 2012, Defendant filed a Motion for Summary Judgment
5  ("MSJ"), along with supporting declarations, exhibits, and a Separate Statement
6  of Uncontroverted Facts and Conclusions of Law.  (ECF No. 76.)  On June 22,
7  2012, Plaintiffs filed an Opposition to the MSJ, along with a supporting
8  declaration and a Statement of Genuine Disputes.  (ECF No. 78.)  On June 27,
9  2012, Defendant filed a Reply to the Opposition.  (ECF No. 79.)  On July 13,
10 2012, a hearing was held on Defendant's MSJ.  Thereafter, the Court took the
11 matter under submission.  (ECF No. 81.)

12         For the reasons set forth below, the Court GRANTS Defendant's MSJ in
13 its entirety.

## II.

## STANDARD OF REVIEW

16         The court must render summary judgment "if the movant shows that there
17 is no genuine dispute as to any material fact and the movant is entitled to
18 judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute about a material
19 fact is "genuine" only if there is a sufficient evidentiary basis on which a
20 "reasonable jury could return a verdict for the non-moving party."  Anderson v.
21 Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202
22 (1986); see also Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed.
23 2d 686 (2007) (citation omitted) ("Where the record taken as a whole would not
24 lead a rational trier of fact to find for the non-moving party, there is no genuine
25 issue for trial").  A factual dispute is "material" only if it might affect the
26 outcome of the suit under governing law.  Anderson, 477 U.S. at 248.  All
27 reasonable inferences that may be drawn from the underlying facts must be
28 viewed in the light most favorable to the non-moving party.  Matsushita Elec.

2

1  Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.

2  Ed. 2d 538 (1986).  At the summary judgment stage, a judge's function is not to

3  weigh the evidence or determine the truth of the matter but, rather, to determine

4  whether there is any genuine issue for trial.  Anderson, 477 U.S. at 249; Balint v.

5  Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc).

6       The moving party bears the initial burden of informing the court of the

7  basis of its motion and identifying evidence of record it believes demonstrates

8  the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477

9  U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265  (1986).  If the moving party

10 satisfies its initial burden, Rule 56 requires the party opposing the motion to

11 respond by submitting evidentiary materials that designate "specific facts

12 showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587.

13 Summary judgment is appropriate if the non-moving party "fails to make a

14 showing sufficient to establish the existence of an element essential to that

15 party's case, and on which that party will bear the burden of proof at trial."

16 Celotex, 477 U.S. at 322.  Moreover, summary judgment cannot be avoided by

17 relying solely on conclusory allegations unsupported by factual data or in a

18 pleading.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

19      In determining any motion for summary judgment or partial summary

20 judgment, the Court may assume that the material facts as claimed and

21 adequately supported by the moving party are admitted to exist without

22 controversy except to the extent that such material facts are (a) included in the

23 "Statement of Genuine Disputes" and (b) controverted by declaration or other

24 written evidence filed in opposition to the motion.  C.D. Cal. R. 56-3.  If a party

25 fails to properly support an assertion of fact or fails to properly address another

26 party's assertion of fact, the Court may consider the fact undisputed for purposes

27 of the motion.  Fed. R. Civ. P. 56(e)(2).

28

3

# III.

## PLAINTIFFS' CLAIMS

In the Complaint, Plaintiff alleges the following claims: (1) a violation of the FHA, 42 U.S.C. § 3601(f)(1) ("Claim One"); (2) a violation of the FEHA, California Government Code section 12955 ("Claim Two"); (3) a violation of the California Unruh Civil Rights Act, California Civil Code sections 51 *et seq.* ("Claim Three"); and (4) negligence ("Claim Four"). (ECF No. 2.) All claims stem from Defendant's alleged refusal to rent to Plaintiffs, based allegedly on the disability of Plaintiffs' daughter, when they applied for residence at Defendant's mobile home park.

# IV.

## UNDISPUTED FACTS

Unless otherwise noted, the Court finds the following facts to be undisputed ("Ct. UF"):

(1)   Defendant, along with her husband, own the Idle Wheels Mobile Home Park ("Mobile Home Park"), which they purchased approximately thirty years ago. They have no employees. Defendant is the sole manager of the Mobile Home Park. She has possession of and personal knowledge of the business records and practices of management of the Mobile Home Park. (Decl. of Evelyn Cofrancesco ("Cofrancesco Decl.") ¶¶ 3, 4);

(2)   Screening of potential renters is an important aspect of the management of the Mobile Home Park. Desirable tenants are those that will abide by their rental agreement, including their agreement to comply with the rules and regulations of the Mobile Home Park. (Id. ¶ 5);

(3)   Defendant's policy is to follow California Civil Code section 798.74 which allows for the use of information from prior tenancies of

4

1             potential tenants to determine whether they will comply with the

2             Mobile Home Park rules and regulations.  Information regarding

3             prior tenancies is gathered during the application process by

4             telephoning or talking with prior landlords or managers and/or by

5             visiting the applicant's home to gain visual information of the

6             general condition, up-keep, and appearance of their home.  The

7             information gathered depends on the circumstances of each

8             applicant.  Defendant's preferred method is to conduct a drive-by

9             inspection of the exterior of an applicant's current residence.  When

10           Defendant is unable to do so, she will inquire of the applicant's

11           current landlord as to the appearance of the applicant's residence.[1]

12           (Id. ¶¶ 8, 9);

13       (4)    Defendant's application form for all applicants in use at the time of

14             Plaintiffs' application has a space requesting directions to the

15             applicant's home, which she explains to the applicant.  This will

16             allow Defendant to visit and make an exterior inspection of the

17             applicant's home.  Defendant's experience is that tenants who keep

18             their residences in a neat and orderly manner will continue to do so,

19             and tenants who fail to properly maintain their residence will

20             continue to do so.[2]  (Id. ¶ 10);

21

22              [1]  In Plaintiffs' Statement of Genuine Disputes ("SGD"), they dispute the

23  contention that, as to <u>every</u> applicant, Defendant attempts to determine whether

24  the applicant will comply with the rules of the Mobile Home Park.  (SGD ¶ 4.)

25  The Court finds this dispute to be immaterial.

26              [2]  Plaintiffs dispute the contention that Defendant's application included an

27  area for them to provide driving directions to their current residence.  (SGD ¶ 8.)

28  Defendant has provided an exhibit, however, demonstrating this to be the case.

Thus, the Court finds this to be an undisputed fact.  (Cofrancesco Depo. Ex. 1.)

(5)   Mobile Home Park rule no. 59 in effect at the time of Plaintiffs'
application provided that "Resident must keep their spaces,
including yards, driveways, and all landscaping, structures,
improvements, and other things attached to or placed on the home
site, in a clean[,] neat[,] well-kept and attractive condition. . . ." (Id.
¶ 7, Ex. A);

(6)   Mobile Home Park rule no. 67 in effect at the time of Plaintiffs'
application provided that "There can be no storage around or behind
the mobile home or under the mobile home or on the roof.  A metal
shed will need to be installed for all storage and if this is not enough
storage space, the tenant will need to rent a space at a storage
facility." (Id.);

(7)   Plaintiffs knew that the Mobile Home Park rules included a
requirement for residents to keep their space in a clean, neat,
well-kept, and attractive condition.  (Depo. of Refugio Rueda
("Rueda Depo.") at 39:17.)

(8)   Plaintiffs knew that Defendant's application process  requested
information to help her determine whether Plaintiffs would comply
with the Mobile Home Park rules.  (Id. at 40:18);

(9)   Plaintiffs knew and agreed that Defendant would use information
from their prior tenancies, including their current one, to determine
whether they would comply with Mobile Home Park rules.  (Id. at
40:24);

(10)  Based upon Plaintiffs' prior tenancies, Defendant wanted to
determine whether they would comply with the Mobile Home Park

rules.[3]  (Cofrancesco Decl. ¶ 11);

(11)    Plaintiffs gave Defendant driving directions to their current residence and knew Defendant would visit their residence in order to determine whether they would comply with the Mobile Home Park rules.[4]  (Rueda Depo. at 41:15, 23; 42:8);

(12)    Defendant visited Plaintiffs' residence prior to their arrival and observed that the property was poorly kept, with what appeared to be trash and storage all around the yard.[5]  (Cofrancesco Decl. ¶ 11);

(13)    Upon Plaintiffs' arrival, Defendant appeared upset, commenting that Plaintiffs had a big mess all around the house and that she did not like that.  (Rueda Depo. at 41:23, 45:18, 46:15; Depo. of Amalia Vargas ("Vargas Depo.") at 22:6);

(14)    Defendant commented to Plaintiff Rueda that she had difficulty with

---

[3]  Plaintiffs contend that this is a disputed fact because Defendant did not check their rental history or check with prior landlords.  (SGD ¶ 5.)  The Court finds this disputed fact to be immaterial.

[4]  Plaintiffs dispute the contention that Defendant wanted to visit their residence to determine whether they would comply with the Mobile Home Park rules.  (SGD ¶ 11.)  They rely on Defendant's statement that "I want to go see your daughter at your house and to see the way you live."  (Id. (citing Rueda Depo. at 43:10-15).)  The statement, however, provides a dual purpose for Defendant's visit which does not contradict the stated purpose of such a visit, i.e., to determine whether Plaintiff's would comply with the Mobile Home Park rules.  Thus, the Court finds this to be an undisputed fact.

[5]  Plaintiffs dispute the contention that their yard appeared to have trash by stating that the items such as boxes that were consistent with a family preparing to move or were items that belonged to their adjacent neighbors.  (SGD ¶¶ 13, 14, 17 (citing Rueda Decl. ¶ 4).)  The Court finds that the proffered statement does not sufficiently contradict the stated fact.  Thus, the Court finds this to be an undisputed fact.

1   the messy condition of his yard and that it was likely he would live

2   the same way at the Mobile Home Park.  (Cofrancesco Decl. ¶ 11;

3   Vargas Depo. at 23:7; 50:6);

4   (15)   A person's handicap or disability does not factor into Defendant's

5          determination as to whether an applicant qualifies as a tenant.

6          Defendant had and still has at least one tenant at the Mobile Home

7          Park who is disabled and uses a wheelchair ramp.  Defendant's

8          husband is also disabled and uses a wheelchair and a walker.

9          (Cofrancesco Decl. ¶¶ 16, 17);

10  (16)   Defendant never indicated that she did not allow handicapped

11         people to live at the Mobile Home Park, never indicated that she did

12         not like handicapped people, and never said she did not allow

13         wheelchair ramps at the  Mobile Home Park.[6]  (Rueda Depo. at 53:6,

14         10; 57:6; Vargas Depo. at 24:11);

15  (17)   In advance of meeting Plaintiffs Rueda and Vargas, Defendant was

16         told by Plaintiff Garcia that Plaintiffs Rueda and Vargas wanted to

17         become tenants at the Mobile Home Park because they needed a

18         larger home to accommodate their disabled daughter.  Later, during

19         the home visit, Plaintiff Rueda asked if Defendant would like to

20         meet Plaintiffs' daughter.  Defendant agreed, was directed into the

21         home, where she met Plaintiffs' daughter.  Defendant greeted

22         Plaintiffs' daughter then exited the home with Plaintiff Rueda.  After

23         exiting, Defendant again expressed her concern over the bad

24

25         [6]  Plaintiffs dispute this proffered fact by proffering statements regarding
26  Defendant's demeanor and the manner in which Defendant "expressed herself."
    (SGD ¶¶ 19, 20 (citing Rueda Depo. at 43:10-21, 47:11-15, Vargas Depo. at
27  24:14-18).)  The Court finds that the proffered statements do not sufficiently
28  contradict the stated fact.  Thus, the Court finds this to be an undisputed fact.

8

condition of the yard and her belief that Plaintiffs would not be able to follow the rules of the Mobile Home Park.  (Cofrancesco Decl. ¶ 13);

(18)   Defendant never mentioned that the disability of Plaintiffs' daughter was a reason for not having Plaintiffs at the Mobile Home Park. The disability of Plaintiffs' daughter had nothing to do with Defendant's determination that Plaintiffs were not qualified as tenants.  Defendant relied only on the unkempt condition and lack of maintenance of their current home, yard, and space.[7]  (Rueda Depo. at 53:10; Cofrancesco Decl. ¶¶ 14, 18); and

(19)   Plaintiffs believe there is some risk of misunderstanding between themselves and others when only English is spoken without an interpreter.[8]  (Rueda Depo. at 6:3-16; Vargas Depo. at 6:18-25, 7:1-7).

/ / /

/ / /

/ / /

/ / /

/ / /

---

[7]  Plaintiffs dispute this proffered fact by proffering statements regarding Defendant's demeanor and the manner in which Defendant "expressed herself." (SGD ¶¶ 22-24 (citing Rueda Depo. at 43:10-21, 47:11-15, Vargas Depo. at 24:14-18).)  The Court finds that the proffered statements do not sufficiently contradict the stated fact.  Thus, the Court finds this to be an undisputed fact.

[8]  Plaintiffs dispute this proffered fact by relying on the declaration of Plaintiff Rueda indicating that he and Plaintiff Vargas had no problems understanding Defendant.  (SGD ¶ 25 (citing Rueda Decl. ¶ 5).)  The Court finds that the proffered statement does not sufficiently contradict the stated fact.  Thus, the Court finds this to be an undisputed fact.

**V.**

**DISCUSSION**

**A.     Defendant Is Entitled to Judgment As a Matter of Law As to Claim One Under the FHA.**

**1.     Legal Standard.**

The FHA makes it unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of:  (a) the buyer or renter; (b) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (c) any person associated with that buyer or renter.  42 U.S.C. § 3604(f)(1).  The FHA also makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of: (a) the person; (b) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (c) any person associated with that person.  Id. § 3604(f)(2).

The Ninth Circuit applies Title VII discrimination analysis in examining discrimination claims under the FHA.  Gamble v. City of Escondido, 104 F.3d 300, 304 (9th Cir. 1997).  A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact.[9]  Id. at 304-05.

A plaintiff may establish a prima facie case of discrimination either by adducing direct evidence of discriminatory intent or by satisfying his burden under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  See Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2004).  Here, Plaintiffs have failed to adduce any direct evidence of

---

[9]  Plaintiffs only rely upon the theory of disparate treatment.  As a result, the Court will not address the theory of disparate impact.

1   discriminatory intent on Defendant's part.  As a result, the Court will analyze

2   Plaintiffs' disparate treatment claim by using a burden-shifting test.

3   McDonnell-Douglas Corp., 411 U.S. at 802.

4        The elements of a prima facie case vary depending on the facts of the

5   particular case.  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 250 (9th Cir. 1997).

6   Adapted to the facts of the present case, Plaintiffs must first establish a prima

7   facie case by showing: (1) they are members of a protected class; (2) they applied

8   for and were qualified to rent a space at Defendant's mobile home park; (3) they

9   were denied the opportunity to rent or to negotiate to rent a space despite being

10   qualified; and (4) the housing or rental property remained available thereafter.

11   See Asbury v. Brougham, 866 F.2d 1276, 1280 (10th Cir. 1989) (citations

12   omitted); see also McDonald v. Coldwell Banker, 543 F.3d 498, 503 (9th Cir.

13   2008); Gamble, 104 F.3d at 304-05; Dep't of Fair Emp't and Hous. v. Super. Ct.

14   (Mattox Trust), 99 Cal. App. 4th 896, 902 (2002).

15        After a plaintiff has established a prima facie case, the burden then shifts

16   to the defendant to articulate some legitimate, nondiscriminatory reason for the

17   action.  Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999) (citing McDonnell

18   Douglas Corp., 411 U.S. at 802.  To accomplish this, the defendant is only

19   required to set forth a legally sufficient explanation.  Harris, 183 F.3d 1051

20   (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255, 101 S. Ct.

21   1089, 67 L. Ed. 2d 207 (1981)).

22        After a defendant articulates some legitimate, nondiscriminatory reason for

23   the action, the burden shifts back to the plaintiff to prove by a preponderance of

24   the evidence that the proffered reason was pretextual.  Gamble, 104 F.3d at 305

25   (citations omitted).

26        The California Civil Code provides that when a landlord is considering the

27   rental application from a buyer of a mobile home in her park, "[a]pproval cannot

28   be withheld if the purchaser has the financial ability to pay the rent and charges

11

of the park unless the management reasonably determines that, based on the purchaser's prior tenancies, he or she will not comply with the rules and regulations of the park." Cal. Civil Code § 798.74.

### 2. **Plaintiffs Have Not Established a Prima Facie Case for Disparate Treatment.**

As to the four elements needed for Plaintiff to establish a prima facie case of disparate treatment, Defendant only places the second element at issue, i.e., whether Plaintiffs were qualified to rent a space at the Mobile Home Park. (ECF No. 76 at 6-9.)

The Court finds that Plaintiffs have not established that they were qualified to rent a space at the Mobile Home Park. The undisputed facts as set forth above establish that in order to be qualified to rent at the Mobile Home Park, management requires compliance with the Parks' rules and regulations, which include keeping the exterior of the residence clean, neat, well-kept, and attractive, with no storage around or behind the mobile home, or under the mobile home or on its roof. (Ct. UF Nos. 2, 4-6.) Under California law, a landlord is permitted to use information from prior tenancies to determine whether potential tenants will comply with the Mobile Home Park rules, and one way Defendant determines whether a potential renter will be compliant is by conducting an inspection of the potential renter's current residence. (Id. Nos. 3-4, 10-11.) The undisputed facts show that Plaintiffs' residence had what appeared to be trash and storage all around the yard when Defendant visited to gather information on Plaintiffs' prior tenancy pursuant to California law. (Id. Nos. 12-14, 17-18.) Defendant determined, therefore, that Plaintiffs were not qualified to rent a space at the Mobile Home Park based on the condition of their current home, and that determination was not based on the disability of Plaintiff's daughter. (Id. Nos. 13-18.) As a result, Plaintiffs have failed to establish a genuine issue of material fact as to whether they were qualified renters, and

12

consequently have failed to make a prima facie case of disparate treatment. Thus, Defendant is entitled to judgment as a matter of law as to Claim One.

### 3.   Plaintiffs Have Failed to Show Pretext.

Even assuming there was a genuine issue of material fact as to whether Plaintiffs were qualified renters, as discussed above, Defendant has articulated a legitimate, nondiscriminatory reason for her action in refusing to rent to Plaintiffs, and Plaintiffs have not shown by a preponderance of the evidence that the proffered reason was pretextual.  Gamble, 104 F.3d at 305.

The evidence Plaintiffs point to in support of their claim that Defendant's explanation is pretextual is twofold:  (1) Defendant stopped the application process and stated she wanted to visit Plaintiffs' home after learning that their daughter was disabled (Rueda Depo. at 43:10-15.); and (2) after meeting Plaintiffs' daughter, Defendant exited the home and commented that she did not want any problems (id. at 47:12-25).  From these facts, Plaintiffs contend that they have established a genuine issue of material fact as to the issue of pretext. The Court does not agree.

Plaintiffs' evidence fails to support their claim of pretext and fails to demonstrate by a preponderance of the evidence that Defendant's actions were in any way actually related to the fact that they had a disabled daughter.  Their connection is tenuous at best, especially given the undisputed fact that before ever meeting Plaintiffs Rueda and Garcia, Defendant was told by Plaintiff Garcia that they needed a larger home to accommodate their disabled daughter (Ct. UF No. 17); by the undisputed fact that Defendant has never indicated that she does not allow handicapped people to live at the Mobile Home Park, does not like handicapped people, or does not allow wheelchair ramps at the Mobile Home Park (id. No. 16); and by the undisputed fact that Defendant still has at least one tenant at the Mobile Home Park who is disabled and uses a ramp, and Defendant's husband is also disabled and uses a walker and wheelchair (id. No.

13

15).   Moreover, Defendant repeatedly stated during her visit that things were a big mess, which she did not like, and that she believed as a result of her observations that Plaintiffs would not be able to follow the rules of the Mobile Home Park.  (Id. Nos. 12-14, 17,1 8.)

After consideration of the undisputed facts in conjunction with Defendant's action and statement upon which Plaintiffs rely, it is clear that Plaintiffs' reliance is based merely on their subjective belief that Defendant's explanation is pretextual and not based on objective facts.  Thus, the Court finds in the alternative that Plaintiffs have failed to establish a genuine issue of material fact as to whether Defendant's proffered reason was pretextual.

Based on the foregoing, the Court finds that Defendant is entitled to judgment as a matter of law as to Claim One.

**B.      Defendant Is Entitled to Judgment As a Matter of Law As to Claim Two Under the FEHA.**

With respect to the FEHA claim, the same standard of proof and analysis are applied as in a FHA case.  Gamble, 104 F.3d at 305.

Based on the facts and analysis as to Plaintiffs' FHA claim, the Court finds that Plaintiffs have also failed to establish a genuine issue of material fact as to their FEHA claim.  Thus, Defendant is entitled to judgment as a matter of law as to Claim Two.

**C.      Defendant Is Entitled to Judgment As a Matter of Law As to Claim Three Under the Unruh Civil Rights Act.**

The Unruh Civil Rights Act provides: "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on a disability discrimination

14

claim under the Unruh Civil Rights Act, a plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendant denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendant's wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.  Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision).

As set forth above, it is clear that Plaintiffs rely merely on their subjective belief, not on objective facts, that the disability of their daughter was a motivating factor in Defendant's determination that they were not qualified to rent a space at the Mobile Home Park.  As a result, the Court finds that Plaintiffs have failed to establish a genuine issue of material fact as to their Unruh claim. Thus, Defendant is entitled to judgment as a matter of law as to Claim Three.

**D.    Defendant Is Entitled to Judgment As a Matter of Law As to Claim Four of Negligence.**

To prevail on a negligence claim, a plaintiff must establish:  (1) a legal duty to use due care; (2) a breach of that duty; and (3) the breach was the proximate or legal cause of the resulting injury.  Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917 (1996).

As set forth above, it is clear that Plaintiffs rely merely on their subjective belief, not on objective facts, that Defendant's determination that they were not qualified to rent a space at the Mobile Home Park was based on the disability of their daughter.  As a result, the Court finds that Plaintiffs have failed to establish a genuine issue of material fact as to their negligence claim.  Thus, Defendant is entitled to judgment as a matter of law as to Claim Four.

/ / /

/ / /

/ / /

15

# VI.

# **ORDER**

Based on the foregoing, the Court GRANTS Defendant's Motion for Summary Judgment in its entirety as to all claims.  Judgment shall be entered dismissing the Complaint with prejudice, and Plaintiffs shall take nothing.

DATED: February 19, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

16